# *Exhibit A*



Select Language  ∨     HOME     GET HELP     CONTACT US

  

        JUSTICE NEWS     SEAL YOUR CONVICTION



## THE BROOKLYN DISTRICT ATTORNEY'S OFFICE

KEEPING BROOKLYN SAFE AND STRENGTHENING COMMUNITY TRUST



ERIC GONZALEZ
District Attorney

Main Menu



**DISTRICT ATTORNEY**
**KINGS COUNTY**
350 Jay Street
Brooklyn, NY 11201
(718) 250-2000
www.BROOKLYNDA.ORG

Eric Gonzalez
District Attorney

Press Office
(718) 250-2300

**FOR IMMEDIATE RELEASE**

Wednesday, September 7, 2022

# Brooklyn DA Eric Gonzalez to Dismiss 378 Convictions That Relied on 13 Officers Who Were Later Convicted of Misconduct While on Duty

### *Following Examination by the Conviction Review Unit, The DA's Office Has Lost Confidence in Cases Where These Former Officers Were Essential Witnesses, Leading to One of the Largest Mass Exonerations Ever in the United States*

Brooklyn District Attorney Eric Gonzalez today announced that his Conviction Review Unit will be asking the Court to vacate and dismiss 47 felony convictions and 331 misdemeanor convictions that were directly based on the work of 13 former New York City Police Department officers who were later found guilty of crimes that were committed while on duty. A review by Brooklyn's CRU did not uncover misconduct, but the District Attorney has lost confidence in cases where these officers served as essential witness, i.e., cases that could not have been prosecuted without them. This is the sixth largest mass dismissal of convictions in U.S. history, according to data collected by the National Registry of Exonerations.

District Attorney Gonzalez said, "These former police officers were found to have committed serious misconduct that directly relates to their official job duties, calling into question the integrity of every arrest they have made. A thorough review by my Conviction Review Unit identified those cases in which their testimony was essential to proving guilt, and I will now move to dismiss those convictions as I no longer have confidence in the integrity of the evidence that underpinned them. Credibility and honesty are at the heart of the justice system, and we cannot improve community trust without adhering to the highest ethical standards."

The District Attorney's Office today will be asking Brooklyn Supreme Court Justice Matthew D'Emic to begin dismissing the felony convictions. The virtual hearing will take place at 350 Jay Street, 15th Floor, starting at 2:15 p.m.. The process of dismissing the misdemeanor convictions will begin in Brooklyn Criminal Court later this month.

The dismissals will be made pursuant to a writ of error coram nobis that states that prosecutors "have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion" the DA's Office agrees to vacate the convictions and dismiss the charges. Defendants will not be entitled to refunds of fees or fines.

The review is an outgrowth of the District Attorney's decision in April 2021 to dismiss 90 convictions that relied on the work of former Detective Joseph Franco, who's been indicted in Manhattan for multiple perjuries. That decision not only led other city district attorneys to follow suit, but also sparked a review of past cases that were handled by other police officers who were similarly charged and convicted of misconduct that directly related to their job duties.

A total of 13 officers were identified, and 378 cases – 47 felonies and 331 misdemeanors – that resulted in a guilty plea or a trial conviction will now be dismissed. The vast majority of these cases are misdemeanor possession of a controlled substance and other drug offenses with the second largest category being vehicular and traffic law violations. They originated from arrests that took place between 1999 and 2017 and no one is currently incarcerated as a result of these conviction. About half the arrests (191) were made by four officers who were implicated in the Brooklyn South Narcotics corruption scandal in the late 2010s. Another 78 were made by two narcotics officers who pleaded guilty in 2019 for receiving a bribe in the form of sexual acts from a detainee. Most of the other officers were convicted of various crimes in other boroughs or in federal courts.

The full list of the former officers whose work was scrutinized is below (with the number of dismissed convictions in parenthesis):

• Jason Arbeeny (14) – convicted of official misconduct and related charges for planting drugs in 2007 while assigned to the Brooklyn South Narcotics Division.
• Michael Arenella (3) – convicted of petit larceny for taking money from an undercover in 2007 while assigned to Brooklyn South Narcotics Division.
• Michael Bergmann (1) – pleaded guilty to perjury in connection with a 2019 incident in which he testified falsely in the grand jury that a suspect almost ran him and his partner over with a car; video obtained by the Brooklyn DA's Office showed this didn't happen.
• Jerry Bowens (134) – pleaded guilty to murder and falsifying business records. While assigned to Brooklyn South Narcotics Division in 2008, he supplied drugs to an informant in exchange for information. While his criminal case was pending, in 2009, he shot and killed his ex-girlfriend.
• Richard Danese (4) – pleaded guilty to disorderly conduct in Staten Island in connection with a Halloween 2007 incident in which he and his partner unlawfully imprisoned a 14-year-old boy suspected of misconduct and abandoned him in a marsh.
• Sasha Diaz (15) – pleaded guilty to perjury in Manhattan for falsely testifying to a grand jury about observing a firearm in 2014; also convicted in Queens of offering a false instrument for filing, in which she lied about observing a drug deal.
• Michael Foder (27) – pleaded guilty to federal perjury charges in the Eastern District of New York for testifying falsely at a

2018 hearing about when and how he conducted photo arrays of two robbery suspects in Brooklyn.

• Richard Hall (18) – pleaded guilty to bribe receiving and official misconduct for releasing a woman from custody in exchange for sexual favors from her in 2017.

• Sean Johnstone (40) – convicted of conspiracy for paying off informants with drugs in 2007, while assigned to the Brooklyn South Narcotics Division as an undercover.

• Admir Kacamakovic (14) – pleaded guilty in federal court for civil rights violations for assaulting a bar patron with pepper spray and unlawfully detaining him while in uniform in 2008.

• Eddie Martins (60) – pleaded guilty to bribe receiving and official misconduct for releasing a woman from custody in exchange for sexual favors from her in 2017.

• Oscar Sandino (43) – pleaded guilty to deprivation of civil rights for forcing a woman he arrested to perform oral sex in a Queens stationhouse bathroom in 2008; also pleaded guilty to assaulting an off-duty court officer who was in custody.

• Henry Tavarez (5) – pleaded guilty to offering a false instrument for filing for making false statements regarding a buy-and-bust operation in 2009 while assigned to Queens South Narcotics Division as an undercover.

The Conviction Review Unit reviewed all Brooklyn convictions in which these 13 ex-officers were involved. Cases where they acted as primary witnesses, and there was no other independent evidence to support a conviction, were flagged for dismissal. Defense lawyers and the Court have been notified of the pending dismissals.

The case review was conducted by Assistant District Attorney Eric Sonnenschein, Deputy Chief of the District Attorney's Post-Conviction Justice Bureau, and Assistant District Attorneys John Sharples and Bruce Alderman of the Conviction Review Unit, under the supervision of Assistant District Attorney Charles Linehan, Chief of the Conviction Review Unit.

#

Copyright © 2023 – Kings County District Attorney's Office    Accessibility Statement  Site Map  Contact Us  Connect With Us
Language Access   Local Law 151 (2021), December

# *Exhibit B*



Covering crime and court proceedings in the tri-state

BROOKLYN

# Brooklyn DA Seeks to Vacate 378 Convictions Tied to Guilty Cops, One of Largest US Mass Exonerations

Thursday's announcement marks one of the largest mass exonerations ever in the U.S.,
according to the Brooklyn district attorney's office.

Published September 7, 2022 • Updated on September 7, 2022 at 3:03 pm

Log in or create a free
profile to save articles



Getty Images

The Brooklyn district attorney's office is asking a court to vacate nearly 400 convictions, 12% of them felonies, that were directly based on the work of 13 former NYPD officers who were later found guilty of crimes committed while on duty, Eric Gonzalez's office announced Wednesday.

The push to dismiss the 378 convictions – 47 felonies and 331 misdemeanors – marks the sixth largest mass dismissal of convictions in U.S. history, according to data collected by the National Registry of Exonerations, Gonzalez said.

His office's Conviction Review Unit looked at all those cases and while it did not uncover misconduct, the district attorney has lost confidence in cases where these officers served as essential witnesses, meaning the cases couldn't have been prosecuted without their testimony, Gonzalez's office said.

**Watch NBC 4 free wherever you are**

His office plans to ask Brooklyn Supreme Court Justice Matthew D'Emic to begin dismissing the felony convictions Wednesday afternoon. The process for misdemeanor convictions will begin in Brooklyn Criminal Court next month.

Defendants will not be entitled to refunds of fees or fines. Defense lawyers and the court system have been notified of the pending dismissals, Gonzalez said.

**Get Tri-state area news delivered to your inbox with NBC New York's News Headlines newsletter.**

The review is an outgrowth of the district attorney's April 2021 decision to dismiss 90 convictions that relied on the work of former Detective Joseph Franco, who has been indicted in Manhattan for multiple perjuries. That decision not only led other city district attorneys to follow suit but also

and convicted of misconduct that directly related to their job duties.

A total of 13 officers were identified in the review. The vast majority of the cases where they were deemed essential witnesses are misdemeanor possession of a controlled substance and other drug offenses, with the second-largest category being vehicular and traffic law violations. The convictions stemmed from arrests that took place between 1999 and 2017. No one is currently incarcerated because of these convictions, Gonzalez's office said.

**Local**



**8 HOURS AGO**

Youth coach among 6 men charged with possessing child sex abuse material in NJ



**4 HOURS AGO**

Humidity starts to creep back up Saturday ahead of Sunday storm threat

About half the arrests (191) were made by four officers who were implicated in the Brooklyn South Narcotics corruption scandal in the late 2010s. Another 78 were made by two narcotics officers who pleaded guilty in 2019 to receiving a bribe in the form of sexual acts from a detainee. Most of the other officers were convicted of various crimes in other boroughs or in federal courts.

The Legal Aid Society commended Gonzalez's move in a statement Wednesday but said it doesn't change the fact that the hundreds of people whose convictions he wants to dismiss were forced to endure hardships they never should have faced.

"Some individuals lost years of their lives serving prison sentences and many suffered collateral harm including housing instability, loss of employment, and severed access to critical services, all because of the words of these corrupt police officers," the statement from Legal Aid said. "We urge DA Gonzalez and all of the other New York City District Attorneys to conduct these reviews on an ongoing basis and with full transparency, not just in response to public pressure, but as their duty to 'do justice.' To do otherwise erodes the public's trust in law enforcement and the criminal legal system."

## These Are the Ex-NYPD Cops at the Heart of Brooklyn DA's Review

scrutinized as part of the review. The office also provided the number of convictions associated with each ex-cop that it is seeking to vacate.

- Jason Arbeeny (14 cases) – convicted of official misconduct and related charges for planting drugs in 2007 while assigned to the Brooklyn South Narcotics Division

- Michael Arenella (3) – convicted of petit larceny for taking money from an undercover in 2007 while assigned to Brooklyn South Narcotics Division

- Michael Bergmann (1) – pleaded guilty to perjury in connection with a 2019 incident in which he testified falsely in the grand jury that a suspect almost ran him and his partner over with a car; video obtained by the Brooklyn DA's Office showed this didn't happen

- Jerry Bowens (134) – pleaded guilty to murder and falsifying business records. While assigned to Brooklyn South Narcotics Division in 2008, he supplied drugs to an informant in exchange for information. While his criminal case was pending, in 2009, he shot and killed his ex-girlfriend

- Richard Danese (4) – pleaded guilty to disorderly conduct in Staten Island in connection with a Halloween 2007 incident in which he and his partner unlawfully imprisoned a 14-year-old boy suspected of misconduct and abandoned him in a marsh

- Sasha Diaz (15) – pleaded guilty to perjury in Manhattan for falsely testifying to a grand jury about observing a firearm in 2014; also convicted in Queens of offering a false instrument for filing, in which she lied about observing a drug deal

- Michael Foder (27) – pleaded guilty to federal perjury charges in the Eastern District of New York for testifying falsely at a 2018 hearing about when and how he conducted photo arrays of two robbery suspects in Brooklyn

- Richard Hall (18) – pleaded guilty to bribe receiving and official misconduct for releasing a woman from custody in exchange for sexual favors from her in 2017

- Sean Johnstone (40) – convicted of conspiracy for paying off informants with drugs in 2007, while assigned to the Brooklyn South Narcotics Division as an undercover

- Admir Kacamakovic (14) – pleaded guilty in federal court for civil rights violations for assaulting a bar patron with pepper spray and unlawfully detaining him while in uniform in 2008

- Eddie Martins (60) – pleaded guilty to bribe receiving and official misconduct for releasing a woman from custody in exchange for sexual favors from her in 2017



**Patch**

                                                                  ⚇ Sign up

**New York City, NY**



| News Feed | Events | Local Businesses | Classifieds |

🏪 Thank you to our Local Business Sponsor: I Love Lasik Eye Surgery Centers

Crime & Safety

# Brooklyn DA To Toss Nearly 400 Convictions Linked To Crooked NYPD Cops

The mass conviction dismissal by Brooklyn District Attorney Eric Gonzalez is the sixth-largest in U.S. history, officials said.

 Matt Troutman, Patch Staff ℗

Posted Wed, Sep 7, 2022 at 2:38 pm ET

 0



More than 400 convictions linked to 13 NYPD officers convicted of misconduct on duty will be dismissed, said Brooklyn District Attorney Eric Gonzalez. (Renee Schiavone/Patch)

NEW YORK CITY — Nearly 400 convictions could be tossed because of their links to 13 NYPD officers convicted of misconduct, said Brooklyn District Attorney Eric Gonzalez.

ADVERTIS

New Flu Mutation Causes Severe Illness. See Latest NY Data

Read More

Gonzalez's plan will be the sixth-largest mass conviction dismissal in United States history, officials said Wednesday.

Prosecutors planned that day to ask a judge to dismiss 47 felony convictions after a conviction review unit found those cases that couldn't have been pursued without testimony from cops later found to be crooked, Gonzalez said.

Find out what's happening in New York Cityfor free with the latest updates from Patch.

Your email address

"These former police officers were found to have committed serious misconduct that directly relates to their ( the integrity of every arrest they have m

"A thorough review by my Conviction Re which their testimony was essential to p

New Flu Mutation Causes Sever
Illness: See Latest NY Data

Read More

dismiss those convictions as I no longer have confidence in the integrity of the evidence that underpinned them."

ADVERTISEMENT

In total, Brooklyn prosecutors plan to ask judges to vacate 378 convictions, most of which are misdemeanors, largely consisting of drug and traffic cases, authorities said.

No one is currently incarcerated because of those convictions between 1999 and 2017, prosecutors said.

ADVERTISEMENT

The dismissals stemmed from Gonzalez'
convictions that relied on former NYPD I
indicted on perjury charges, officials said
into other cops similarly charged and con

New Flu Mutation Causes Severe Illness: See Latest NY Data

Read More.

Thirteen such ex-NYPD officers were eventually identified by Brooklyn investigators, prosecutors said. All were the primary witness in cases with no other independent evidence, officials said.

Those cops, along with the number of requested dismissed convictions, are, according to prosecutors:

- **Jason Arbeeny**, who was convicted of official misconduct and related charges for planting drugs in 2007 while assigned to the Brooklyn South Narcotics Division. He is linked to **14** convictions.

- **Michael Arenella**, who was convicted of petit larceny for taking money from an undercover in 2007 while assigned to Brooklyn South Narcotics Division. He's linked to **three** convictions.

- **Michael Bergmann**, who pleaded guilty to perjury in connection with a 2019 incident in which he testified falsely to a grand jury that a suspect almost ran him and his partner over with a car. Video obtained by Brooklyn prosecutors showed this didn't happen. **One** conviction is linked to him.

- **Jerry Bowens**, who pleaded guilty to murder and falsifying business records. While assigned to Brooklyn South Narcotics Division in 2008, he gave drugs to an informant in exchange for information. While his criminal case was pending, he shot and killed his ex-girlfriend in 2019, authorities said. He is linked to **134** cases.

- **Richard Danese**, who pleaded guilty to disorderly conduct in Staten Island after a Halloween 2007 incident in which he and his partner unlawfully imprisoned a 14-year-old boy and aba **four** cases in the requested dismissals

- **Sasha Diaz**, who pleaded guilty to perj to a grand jury about seeing a firearm Queens for lying about observing a dru

- **Michael Foder**, who pleaded guilty to federal perjury charges in the Eastern District of New York for testifying falsely at a 2018 hearing about when and how he conducted photo arrays of two robbery suspects in Brooklyn. Prosecutors linked **27** convictions to him that they seek to vacate.

- **Richard Hall**, who pleaded guilty to bribe receiving and official misconduct after he released a woman from custody in exchange for sexual favors from her in 2017. He's linked to **18** convictions.

- **Sean Johnstone**, who was convicted of conspiracy for paying off informants with drugs in 2007, while assigned to the Brooklyn South Narcotics Division as an undercover. Prosecutors linked him to **40** convictions that they want to vacate.

- **Admir Kacamakovic**, who pleaded guilty in federal court for civil rights violations after he assaulted a bar patron with pepper spray and unlawfully detained the man while in uniform in 2008. He's linked to **14** convictions.

- **Eddie Martins**, who pleaded guilty to bribe receiving and official misconduct after he released a woman from custody in exchange for sexual favors in 2017. He is linked to **60** convictions that prosecutors seek to dismiss.

- **Oscar Sandino**, who pleaded guilty to deprivation of civil rights for forcing a woman he arrested to perform oral sex in a Queens station house bathroom in 2008. He also pleaded guilty to assaulting an off-duty court officer who was in custody. Prosecutors linked **43** convictions to him that they seek to vacate.

- **Henry Tavarez**, who pleaded guilty for buy-and-bust operation in 2009 whil Division as an undercover. He's linked

(Descriptions above were provided by the

*Get more local news delivered straight to*

*newsletters and alerts.*

New Flu Mutation Causes Severe Illness. See Latest NY Data

Read More

# *Exhibit C*

Supreme Court of the State of New York
Part AP3 the Courts of Kings

The People of the State of New York

**2008KN004858**

v.

Kris Bowens

Sgt. Ruben Gonzalez of Group 42 of the Internal Affairs Bureau (hereinafter referred to as "IAB") of the New York City Police Department, Shield Number 1350, states:

(1) That on or about November 15, 2007 at approximately 11:48 PM at the corner of Avenue S and East 46th Street, County of Kings, State of New York.

The defendant committed the offense(s) of:

P.L. § 155.25 ——— Petit Larceny
P.L. § 195.00(1)——— Official Misconduct
P.L. § 220.39(1)——— Criminal Sale of a Controlled Substance in the Third Degree
P.L. § 220.16(1)——— Criminal Possession of a Controlled Substance in the Third Degree
P.L. § 220.03 ——— Criminal Possession of a Controlled Substance in the Seventh Degree

(2) and that on or about November 16, 2007 at the 70th Precinct, located at 154 Lawrence Avenue, County of Kings, State of New York.

The defendant committed the offense(s) of:

P.L. § 175.10 ——— Falsifying Business Records in the First Degree (2 Counts)
P.L. § 175.35 ——— Offering a False Instrument for Filing in the First Degree (2 Counts)
P.L. § 195.00(1)——— Official Misconduct

**In that the defendant while acting in concert with others:** stole property, being a public servant, and with intent to obtain a benefit or deprive another person of a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized; knowingly and unlawfully sold a narcotic drug; knowingly and unlawfully possessed a narcotic drug with intent to sell it; knowingly and unlawfully possessed a controlled substance; with intent to defraud, made or caused a false entry in the business records of an enterprise, and his intent to defraud included an intent to commit another crime or to aid or conceal the commission thereof; knowing that a written instrument contained a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, offered or presented it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it would be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation.

**The source of deponent's information and the grounds for deponent's beliefs are as follows:**

Deponent states that deponent is a custodian of the personnel, vouchering and arrest records of the New York City Police Department (hereinafter referred to as "NYPD") made in the regular course of business by employees who have a duty to make accurate, contemporaneous entries, and that such records reveal that the defendant is employed as a police officer assigned to the Brooklyn South Narcotics Division (hereinafter referred to as "BSND"), and that defendant was working on November 15, 2007 and November 16, 2007.

1

Deponent is further informed by an undercover police officer known to the NYPD and to the Kings County District Attorney's Office (hereinafter referred to as "UC") that at the first above time and place, informant observed Detective Armick Hunter of NYPD Shield Number 283, remove from informant's person $350 in United States currency, as well as forth (40) ziplock bags of crack cocaine, while the defendant was standing in the immediate vicinity of Detective Hunter.

Deponent is further informed by Lt. Kevin Paynter of IAB that informant inspected and pre-marked the above forty (40) ziplock bags of crack cocaine before it was given to UC, that informant has had professional training as a police officer in the identification of crack cocaine, has previously made arrests for the criminal possession of crack cocaine, has previously seized crack cocaine, which was determined to be such by a chemical analysis by the police department laboratory, and the substance in this case possesses the same physical characteristics as such previously chemically identified substance, by professional training and experience as a police officer, is familiar with the common methods of packaging crack cocaine and the ziplock bags used to package the substance in this case is a commonly used method of packaging such substance.

Based on the foregoing, in informant's opinion, the above substance in this case that was given to UC is crack cocaine.

Deponent is further informed by Lt. Kevin Paynter that informant inspected and photocopied the bills making up the above $350 United States currency before it was given to UC.

Deponent is further informed by a person known to the NYPD that informant was present for the above search and seizure of United States currency and crack cocaine from UC, and that following said seizure, informant observed the defendant remove $40 of the United States currency and two (2) ziplocks of the crack cocaine from the seized amount and hand said items to informant in exchange for information that informant had supplied to the defendant and Michael Arenella (arrest number K08605876) regarding the purported narcotics activities of UC that had led to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that, following the above transaction, informant inspected the above $40 United States currency and two (2) ziplocks of crack cocaine that defendant had given to a person known to the NYPD, and observed that those items had been among the United States currency and crack cocaine given to UC, prior to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that the NYPD is the lawful custodian of the above $40 United States currency and that the defendant did not have permission or authority to give said United States currency to a person known to the NYPD for any purpose.

Deponent further states that, according to official NYPD regulations, police officers are required to return seized property to the NYPD and deposit all of said property inside a voucher envelope, which is then sealed for safekeeping with the NYPD Property Clerk or sent to the police laboratory for analysis and testing.

Deponent further states that, as part of the above voucher envelope procedure, the police officer is required to complete a "Property Clerk's Invoice" listing all property that has been sealed within the voucher envelope, which thereafter becomes part of the official records of the NYPD.

Deponent further states that the above NYPD records reveal that, at the second above time and place, the defendant submitted a voucher envelope and accompanying Property Clerk's Invoice form under Voucher Number N910356 relating to the above seizure of crack cocaine from UC, that said voucher envelope only included thirty-eight (38) ziplock bags of crack cocaine, and that the corresponding Property Clerk's Invoice

form listed the same amount as the only controlled substances taken from CC by defendant in the course of the above seizure.

Deponent further states that the above NYPD records reveal that, at the second above time and place, the defendant submitted a voucher envelope and accompanying Property Clerk's Invoice form under Voucher Number N9ff0287 relating to the above seizure of United States currency from CC, that said voucher envelope only included $235 in United States currency, and that the corresponding Property Clerk's Invoice form listed the same amounts as the only contents taken from CC by defendant in the course of the above seizure.

False Statements made in this document are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

1/18/04     Sgt.                 3710
Date                    Signature

INDICTMENT

## SUPREME COURT OF THE STATE OF NEW YORK

### COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

XC.     JERRY BOWENS
        2008KN004858

XC.

ⓅNP

INDICTMENT # 1931/2008

NON-ALIGNED

RACKETS
DIVISION

COUNTS

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE
FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (2 COUNTS)
OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE (2 COUNTS)
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE
PETIT LARCENY
OFFICIAL MISCONDUCT (2 COUNTS)

A TRUE BILL

FOREPERSON

CHARLES J. HYNES
DISTRICT ATTORNEY

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

against

JERRY BOWENS
500KN005858

INDICTMENT # 1931/2006

NON-ALIGNED

RACKETS DIVISION

COUNTS

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE
FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE (2 COUNTS)
OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE (2 COUNTS)
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE
PETIT LARCENY
OFFICIAL MISCONDUCT (2 COUNTS)

A TRUE BILL

CHARLES J HYNES
DISTRICT ATTORNEY

FOREPERSON

COUNT ONE

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT ACCUSES THE DEFENDANTS OF THE CRIME OF CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE (P.L. § 220.39[1]) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 15, 2007, IN THE COUNTY OF KINGS, DID KNOWINGLY AND UNLAWFULLY SELL A NARCOTIC DRUG, NAMELY COCAINE, TO A PERSON KNOWN TO THE GRAND JURY.

COUNT TWO

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT ACCUSES THE DEFENDANTS OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE (P.L. § 220.16[1]) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 15, 2007, IN THE COUNTY OF KINGS, DID KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC DRUG, NAMELY COCAINE, WITH THE INTENT TO SELL IT.

COUNT THREE

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT ACCUSES THE DEFENDANTS OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE (P.L. § 220.03) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 15, 2007, IN THE COUNTY OF KINGS, DID KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC DRUG, NAMELY COCAINE.

COUNT FOUR

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT ACCUSES THE DEFENDANTS OF THE CRIME OF PETIT LARCENY (P.L. § 155.25) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER DID "TAKE PROPERTY, NAMELY A QUANTITY OF UNITED STATES CURRENCY, FROM A PERSON, KNOWN TO THE GRAND JURY

COUNT FIVE

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF OFFICIAL MISCONDUCT (P.L. 195.00(1)) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 15, 2007, IN THE COUNTY OF KINGS, EACH BEING A PUBLIC SERVANT, WITH INTENT TO OBTAIN A BENEFIT OR TO INJURE OR DEPRIVE ANOTHER PERSON OF A BENEFIT, COMMITTED AN ACT RELATING TO HIS OFFICIAL FUNCTIONS, KNOWING THAT SUCH ACT WAS UNAUTHORIZED

COUNT SIX

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE [P.L. § 175.10] COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 16, 2007, IN THE COUNTY OF KINGS, WITH THE INTENT TO DEFRAUD, MADE OR CAUSED A FALSE ENTRY IN THE BUSINESS RECORDS OF AN ENTERPRISE AND THE INTENT TO DEFRAUD INCLUDED AN INTENT TO COMMIT ANOTHER CRIME OR TO AID OR CONCEAL THE COMMISSION THEREOF

COUNT SEVEN

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE [P.L. § 175.10] COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 16, 2007, IN THE COUNTY OF KINGS, WITH THE INTENT TO DEFRAUD, MADE OR CAUSED A FALSE ENTRY IN THE BUSINESS RECORDS OF AN ENTERPRISE

AND THE INTENT TO DEFRAUD INCLUDED AN INTENT TO COMMIT ANOTHER CRIME OR TO AID OR CONCEAL THE COMMISSION THEREOF.

THE SUBJECT MATTER OF THIS COUNT BEING DIFFERENT FROM THAT SET FORTH IN COUNT SIX, ABOVE.

## COUNT EIGHT

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE [P.L. § 175.35] COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 16, 2007, IN THE COUNTY OF KINGS, KNOWING THAT A WRITTEN INSTRUMENT CONTAINED A FALSE STATEMENT AND FALSE INFORMATION, AND WITH INTENT TO DEFRAUD THE STATE OR ANY POLITICAL SUBDIVISION, OFFERED AND PRESENTED SAME TO A PUBLIC OFFICE AND PUBLIC SERVANT, KNOWING AND BELIEVING THAT IT WOULD BE FILED WITH, REGISTERED AND RECORDED IN OR OTHERWISE BECOME A PART OF THE RECORDS OF SUCH PUBLIC OFFICE AND PUBLIC SERVANT.

## COUNT NINE

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE [P.L. § 175.35] COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER 16, 2007, IN THE COUNTY OF KINGS, KNOWING THAT A WRITTEN INSTRUMENT CONTAINED A FALSE STATEMENT AND FALSE INFORMATION, AND WITH INTENT TO DEFRAUD THE STATE OR ANY POLITICAL SUBDIVISION, OFFERED AND PRESENTED SAME TO A PUBLIC OFFICE AND PUBLIC SERVANT, KNOWING AND BELIEVING THAT IT WOULD BE FILED WITH, REGISTERED AND RECORDED IN OR OTHERWISE BECOME A PART OF THE RECORDS OF SUCH PUBLIC OFFICE AND PUBLIC SERVANT.

4

THE SUBJECT MATTER OF THIS COUNT BEING DIFFERENT FROM THAT

SET FORTH IN COUNT EIGHT ABOVE

COUNT TEN

THE GRAND JURY OF THE COUNTY OF KINGS, BY THIS INDICTMENT

ACCUSES THE DEFENDANTS OF THE CRIME OF OFFICIAL MISCONDUCT (P.L. §

195.00[1]) COMMITTED AS FOLLOWS:

THE DEFENDANTS, EACH AIDING THE OTHER, ON OR ABOUT NOVEMBER

16, 2007 IN THE COUNTY OF KINGS, EACH BEING A PUBLIC SERVANT, WITH

INTENT TO OBTAIN A BENEFIT OR TO INJURE OR DEPRIVE ANOTHER PERSON

OF A BENEFIT, COMMITTED AN ACT RELATING TO HIS OFFICIAL FUNCTIONS,

KNOWING THAT SUCH ACT WAS UNAUTHORIZED.

CHARLES J. HYNES
DISTRICT ATTORNEY

## SERVICE OF PRE-TRIAL MOTIONS BY DEFENDANT

TO DEFENDANT:

PLEASE TAKE NOTICE that pursuant to C.P.L. Article 255, defendant is/must ordinarily make all pre-trial motions within forty-five days after arraignment and before commencement of trial. Upon expiration of the applicable period within which defendant must make pre-trial motions the People will move the Court to preclude any pre-trial motions made thereafter.

Sincerely,

CHARLES J. HYNES
District Attorney
Kings County

# *Exhibit D*

We'd like to send you some notifications

Notifications can be turned off anytime from browser     ogle     ✕
settings

Dismiss

NEWS > CRIME AND PU‹      Lorraine Velez
lorrainevelez854@gmail.com

# Psycho ex-cop Jerry Bowens put his own attorney on 'hit list'

 By NEW YORK DAILY NEWS | NYDN@medianewsgroup.com
UPDATED: January 11, 2019 at 4:20 PM EST

The lawyer for a dirty ex-cop accused of murder is off the case after his name
was found on his client's hit list

Disgraced cop Jerry Bowens w
Edward Mandery got for him in
sources said.

Mandery's name was on a hit l
for killing his ex-girlfriend, Cat
Melissa Simmons, on a March

Donofrio topped the cop's hit l



*Exhibit E*

**Search by Officer Name or Badge Number**

enter name or badge #                                                                    Search

# Jerry Bowens

Badge #24698, Black Male
Former Police Officer at Military and Extended Leave Desk
Also served at Police Service Area 1, Narcotics Borough Brooklyn South
Service started June 1995, ended February 2009, Tax #915334

**Lawsuit settlements:**
   $60,000   Nelson, Teddy vs City of New York, et al., 2022 KCSC
   $60,000   Thomas v. The City of New York, EDNY
View Details

## Articles

NYPD Officers Convicted of Crimes, or Who Engaged in Serious Misconduct, Connected to their
Duties, Legal Aid, 5/3/2021
Brooklyn narcotics cops benched over drug and sex for information charges, New York Daily News,
1/22/2008

## Complaints

20 Complaints
46 Allegations
 0 Substantiated

 3 Alleged Victim Uncooperative
17 Complainant Uncooperative
 1 Complaint Withdrawn
 4 Exonerated
 4 Unfounded
17 Unsubstantiated

### November 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Abuse of Authority: Threat of force (verbal or physical) | Black Male, 17 | Unsubstantiated |
| Discourtesy: Word | Black Male, 17 | Unsubstantiated |

| Force: Physical force | Black Male, 17 | Unsubstantiated |
| Force: Gun Pointed | Black Male, 17 | Unsubstantiated |
| Abuse of Authority: Frisk | Black Male, 17 | Unsubstantiated |
| Abuse of Authority: Stop | Black Male, 17 | Unsubstantiated |

additional details

## November 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Force: Physical force | Black Male, 22 | Unsubstantiated |

additional details

## October 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Force: Physical force | Black Male, 30 | Complainant Uncooperative |

additional details

## September 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Discourtesy: Word | Black Male, 32 | Unsubstantiated |
| Abuse of Authority: Stop | Black Male, 32 | Exonerated |

additional details

## July 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
| --- | --- | --- |
| Force: Physical force | Black Male, 27 | Alleged Victim Uncooperative |
| Abuse of Authority: Threat of force (verbal or physical) | Black Male, 27 | Alleged Victim Uncooperative |
| Abuse of Authority: Refusal to provide name/shield number | Black Male, 27 | Alleged Victim Uncooperative |

additional details

## February 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | | Complainant Uncooperative |
| Abuse of Authority: Threat of arrest | Female, 40 | Complainant Uncooperative |
| Discourtesy: Word | Female, 40 | Complainant Uncooperative |
| Abuse of Authority: Question and/or stop | Female, 40 | Complainant Uncooperative |

additional details

## February 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | Black Male, 24 | Exonerated |
| Discourtesy: Word | Black Male, 24 | Unsubstantiated |

additional details

## February 2007 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | Black Male, 22 | Complainant Uncooperative |
| Abuse of Authority: Question and/or stop | Black Male, 22 | Complainant Uncooperative |

additional details

## November 2006 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | Black Male, 28 | Unsubstantiated |
| Abuse of Authority: Stop | Black Male, 28 | Unsubstantiated |

additional details

## September 2006 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Strip-searched | Male, 22 | Complainant Uncooperative |

additional details

## June 2006 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Male, 28 | Complainant Uncooperative |

additional details

## April 2006 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | White Male, 46 | Complaint Withdrawn |

additional details

## March 2006 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Search (of person) | Black Male, 15 | Complainant Uncooperative |
| Abuse of Authority: Threat of arrest | Black Male, 15 | Complainant Uncooperative |
| Abuse of Authority: Question and/or stop | Black Male, 15 | Complainant Uncooperative |

additional details

## November 2005 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Hispanic Male, 24 | Unfounded |
| Abuse of Authority: Strip-searched | Hispanic Male, 24 | Unfounded |

additional details

## February 2005 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | Black Male, 20 | Complainant Uncooperative |

additional details

## March 2004 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Question and/or stop | Hispanic Male, 23 | Exonerated |
| Abuse of Authority: Frisk and/or search | Hispanic Male, 23 | Exonerated |
| Abuse of Authority: Strip-searched | Hispanic Male, 23 | Unsubstantiated |

additional details

## March 2004 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Black Female, 19 | Unsubstantiated |
| Abuse of Authority: Property damaged | Black Female, 19 | Unfounded |

additional details

## March 2002 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Black Male, 29 | Unsubstantiated |
| Discourtesy: Word | Black Male | Unsubstantiated |
| Abuse of Authority: Question and/or stop | Black Male, 29 | Unsubstantiated |
| Abuse of Authority: Threat of arrest | Black Male | Unsubstantiated |

additional details

## January 2002 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Gun Drawn | | Complainant Uncooperative |
| Force: Physical force | Black Male, 23 | Complainant Uncooperative |

| Discourtesy: Word | Black Male, 23 | Complainant Uncooperative |
|---|---|---|
| Abuse of Authority: Frisk and/or search | Black Male, 23 | Complainant Uncooperative |
| | | additional details |

### October 2000 Complaint

| Allegation | CCRB Conclusion |
|---|---|
| Discourtesy: Word | Unfounded |
| | additional details |

**Conclusion Meanings:**
**'Exonerated':** or 'Within NYPD Guidelines' - the alleged conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
**'Unsubstantiated':** or 'Unable to Determine' - CCRB has fully investigated but could not affirmatively conclude both that the conduct occurred and that it broke the rules.
Further details on conclusion definitions.

# Lawsuits

Named in 5 known lawsuits, $120,000 total settlements.

Williams, Lamont vs City of New York, et al.
Case # 511281/2023, Supreme Court - Kings, April 18, 2023

Barnes, Doneal vs City of New York, et al.
Case # 23CV01070, U.S. District Court - Eastern District NY, February 14, 2023
Complaint

Whitney, Joyce vs Cityof New York, et al.
Case # 503517/2023, Supreme Court - Kings, February 7, 2023

Nelson, Teddy vs City of New York, et al.
Case # 531713/2022, Supreme Court - Kings, November 1, 2022, ended July 7, 2023
$60,000 Settlement

Thomas v. The City of New York