# *Exhibit M*

Has an
Atty

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MARCO TELLO,

DEFENDANT.

WRIT OF ERROR CORAM
NOBIS

Kings County
Indictment Number:

07716-2013

WHEREAS on or about November 4, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about November 4, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced indictment be vacated;

IT IS FURTHER ORDERED that the above-referenced indictment is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a

fund of any court fees, assessments, fines, restitution and or

forfeiture defendant may have paid.

Dated:      Brooklyn, New York
            November 4, 2022

                         _____
                         HON.

                         HON. MATTHEW J. D'EMIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

NESTOR GUZMAN,

DEFENDANT.

---

WRIT OF ERROR CORAM NOBIS

Kings County
Indictment Number:

SCI-08349-2006

WHEREAS on or about October 12, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about October 12, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced Supreme Court Information be vacated;

IT IS FURTHER ORDERED that the above-referenced Supreme Court Information is dismissed with prejudice; and

**DEF000007**

IT IS FURTHER ORDERED that defendant is not entitled to a refund of any court fees, assessments, fines, restitution and or forfeiture defendant may have paid.

Dated:    Brooklyn, New York
          October 12, 2022

_____
HON.

HON. MATTHEW J. D'EMIC
Administrative Judge
for Criminal Matters

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:

THE PEOPLE OF THE STATE OF NEW YORK

-against-

GARY HARRIS,

DEFENDANT.

WRIT OF ERROR CORAM NOBIS

Kings County
Indictment Number:

10492-2006

WHEREAS on or about October 12, 2022, defendant, *in absentia*, through defendant's counsel, moved to vacate defendant's conviction pursuant to a *writ of error coram nobis*.

WHEREAS on or about October 12, 2022, the People responded that they have not identified any information or evidence indicative of innocence or of fabricated evidence and that probable cause existed for defendant's arrest, but that, nonetheless, in the interests of justice, which includes enhancing community trust in the criminal justice system and the proper preservation and prioritization of limited prosecutorial and judicial resources and pursuant to prosecutorial discretion, the People consent to the defendant's petition for a *writ of error coram nobis*.

THEREFORE, IT IS ORDERED that defendant's judgment of conviction under the above-referenced indictment be vacated;

IT IS FURTHER ORDERED that the above-referenced indictment is dismissed with prejudice; and

IT IS FURTHER ORDERED that defendant is not entitled to a

refund of any court fees, assessments, fines, restitution and or

forfeiture defendant may have paid.


Dated:     Brooklyn, New York
           October 12, 2022

_____
HON.

**HON. MATTHEW J. D'EMIC**
Administrative Judge
for Criminal Matters

# *Exhibit N*

(No Subject)

From: Rudy Velez (rvesq@yahoo.com)

To:    rvesq@yahoo.com

Date: Wednesday, January 1, 2025 at 11:51 PM EST



*Exhibit O*

(3,169 unread) - rvesq@yahoo.com - Yahoo Mail

Trash    Search in trash...    Advanced ∨

← Back    ◄    ◄◄    ►    Restore to Inbox    Move    Delete    Spam    •••    ▲    •    •    •    •    Settings

## Barnes - Response to Demand

Yahoo Mail/Trash ☆

Corsi, Alexandra (Law) <acorsi@law.nyc.gov>    Fri, Nov 3 at 4:00 PM ☆
To: rudy velez

Good afternoon, Rudy:

In response to the demand of $900,000.00 that you conveyed this afternoon on the Donneal Barnes case, the City can offer $682,500.00, which equates to $195k/year for the time your client spent in custody, and we can settle this case today for that amount. This offer is contingent on our standard paperwork, which also includes the general release, affidavit of status of liens, and W-9 forms. As noted yesterday at the conference, despite the issues there might be with the defendant officer, he is not currently a party and there's a question whether the City would even be on the hook in this case given the officer's history. Accordingly, seeking any judgment from the officer would be unlikely to result it anything for your client. Moreover, your client pled guilty for the underlying crime and did not appeal his conviction, which is a fact that will likely work in the City's favor. Please let me know.

Thank you,

Alexandra Corsi
Senior Counsel
New York City Law Department
100 Church Street
New York NY 10007
T: 212-356-3545
acorsi@law.nyc.gov

◄    ◄◄    ►    •••

Inbox    3,169
Unread
Starred
Drafts    325
Sent
Archive
Spam
Trash
⌃ Less

Views    Hide
▦ Photos
▤ Documents
☍ Emails to myself
▤ Subscriptions
☆ Shopping
▤ Receipts
▦ Credits
⚑ Travel

Folders    Show

# *Exhibit P*

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

STATE OF NEW YORK
COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

V

LEVAR RILEY

POLICE OFFICER JERRY L BOWENS SHIELD NO.24698, OF PSA-1 COMMAND SAYS THAT ON OR ABOUT SEPTEMBER 28,2001 AT APPROXIMATELY 10:30 PM AT 2920 WEST 21 ST COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 205.30            RESISTING ARREST
PL 220.03            CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                     THE SEVENTH DEGREE (2 COUNTS)
PL 220.16(1)         CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                     THE THIRD DEGREE (2 COUNTS)
PL 220.39(1)         CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE
                     THIRD DEGREE
PL 265.01(1)         CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH
                     DEGREE
PL 265.02(4)         CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE

IN THAT THE DEFENDANT DID:

INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON; KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC DRUG WITH INTENT TO SELL IT; KNOWINGLY AND UNLAWFULLY SELL A NARCOTIC DRUG; POSSESS ANY FIREARM, ELECTRONIC DART GUN, ELECTRONIC STUN GUN, GRAVITY KNIFE, SWITCHBLADE KNIFE, PILUM BALLISTIC KNIFE, METAL KNUCKLE KNIFE, CANE SWORD, BILLY, BLACKJACK, BLUDGEON, METAL KNUCKLES, CHUKA STICK, SAND BAG, SANDCLUB, WRIST-BRACE TYPE SLINGSHOT OR SLUNGSHOT, SHIRKEN OR KUNG FU STAR; POSSESS ANY LOADED FIREARM.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT DID OBSERVE THE DEFENDANT EXCHANGE ZIPLOCK BAGS OF CRACK COCAINE FOR QUANTITIES OF UNITED STATES CURRENCY WITH APPROXIMATELY FIVE UNAPPREHENDED INDIVIDUALS. THE DEPONENT FURTHER STATES THAT DEPONENT OBSERVED THE DEFENDANT GIVE APPREHENDED OTHER LATISHA LOPEZ ARREST NUMBER 85877, A QUANTITY OF CRACK COCAINE IN EXCHANGE FOR A SUM OF UNITED STATES CURRENCY.

THE DEPONENT IS INFORMED BY POLICE OFFICER CHRISTOPHER MARROW, SHIELD NO. 12117, OF PSA-1, THAT AT THE ABOVE TIME AND PLACE, THE INFORMANT OBSERVED LATISHA LOPEZ IN POSSESSION OF A QUANTITY OF CRACK COCAINE, IN THAT, INFORMANT DID RECOVER SAID QUANTITY OF CRACK COCAINE FROM LATISHA LOPEZ'S JACKET POCKET.

DEPONENT IS FURTHER INFORMED BY INFORMANT THAT THE INFORMANT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF CRACK COCAINE, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF CRACK COCAINE, HAS PREVIOUSLY SEIZED CRACK COCAINE, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER IS FAMILIAR WITH THE COMMON METHODS OF PACKAGING CRACK COCAINE AND THE ZIPLOCK BAGS USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

BASED ON THE FOREGOING, IN INFORMANT'S OPINION, THE SUBSTANCE IN THIS CASE IS CRACK COCAINE.

THE DEPONENT FURTHER STATES THAT DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF A QUANTITY OF CRACK COCAINE IN THAT THE DEPONENT DID RECOVER SAID QUANTITY OF CRACK COCAINE FROM THE DEFENDANT'S JACKET POCKET.

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A

9/29/01 1:22:12 PM





Continued from Previous Page (P2) LEVAR RILEY

POLICE OFFICER IN THE IDENTIFICATION OF CRACK COCAINE, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF CRACK COCAINE, HAS PREVIOUSLY SEIZED CRACK COCAINE, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER IS FAMILIAR WITH THE COMMON METHODS OF PACKAGING CRACK COCAINE AND THE ZIPLOCK BAGS USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS CRACK COCAINE.

DEPONENT FURTHER STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED THE DEFENDANT IN POSSESSION OF A .40 CALIBER SMITH AND WESSON HANDGUN THAT WAS LOADED WITH SEVEN ROUNDS, IN THAT DEPONENT RECOVERED SAID HANDGUN FROM THE DEFENDANT'S WAISTBAND.

DEPONENT FURTHER STATES THAT WHEN DEPONENT ATTEMPTED TO PLACE DEFENDANT UNDER ARREST, DEFENDANT STRUGGLED WITH DEPONENT AND FLAILED HIS ARMS THEREBY REFUSING TO BE HANDCUFFED.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

_09/23/0__                    _____
DATE                          SIGNATURE

*Exhibit Q*

Criminal Court of the City of New York
Part APAR County of Kings

--------------------------------------------------

The People of the State of New York

2008KN004858

lew York

v.

Kings

Jerry Bowens

--------------------------------------------------

Sgt. Iladen Laureano of Group 41 of the Internal Affairs Bureau (hereinafter referred to as "IAB") of the New York City Police Department, Shield Number 3740, says

(1) that on or about November 15, 2007 at approximately 11:45 PM at the corner of Avenue N and East 46th Street, County of Kings, State of New York,

**The defendant committed the offense(s) of:**

P.L. § 155.25            Petit Larceny
P.L. § 195.00(1)         Official Misconduct
P.L. § 220.39(1)         Criminal Sale of a Controlled Substance in the Third Degree
P.L. § 220.16(1)         Criminal Possession of a Controlled Substance in the Third Degree
P.L. § 220.03            Criminal Possession of a Controlled Substance in the Seventh Degree

(2) and that on or about November 16, 2007 at the 70th Precinct, located at 154 Lawrence Avenue, County of Kings, State of New York,

**The defendant committed the offense(s) of:**

P.L. § 175.10            Falsifying Business Records in the First Degree (2 Counts)
P.L. § 175.35            Offering a False Instrument for Filing in the First Degree (2 Counts)
P.L. § 195.00(1)         Official Misconduct

**In that the defendant while acting in concert with others:** stole property; being a public servant, and with intent to obtain a benefit or deprive another person of a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized; knowingly and unlawfully sold a narcotic drug; knowingly and unlawfully possessed a narcotic drug with intent to sell it; knowingly and unlawfully possessed a controlled substance; with intent to defraud, made or caused a false entry in the business records of an enterprise, and his intent to defraud included an intent to commit another crime or to aid or conceal the commission thereof; knowing that a written instrument contained a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, offered or presented it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it would be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation.

Sgt. _____, _____ of Group 41 of the Internal Affairs Bureau (hereinafter referred to as "IAB") of the New York City Police Department, Shield Number 3740, says

(1) that on or about November 15, 2007 at approximately 11:45 PM at the corner of Avenue N and East 46th Street, County of Kings, State of New York,

**The defendant committed the offense(s) of:**

P.L. § 155.25          Petit Larceny
P.L. § 195.00(1)      Official Misconduct
P.L. § 220.39(1)      Criminal Sale of a Controlled Substance in the Third Degree
P.L. § 220.16(1)      Criminal Possession of a Controlled Substance in the Third Degree
P.L. § 220.03          Criminal Possession of a Controlled Substance in the Seventh
                               Degree

(2) and that on or about November 16, 2007 at the 70th Precinct, located at 154 Lawrence Avenue, County of Kings, State of New York,

**The defendant committed the offense(s) of:**

P.L. § 175.10          Falsifying Business Records in the First Degree (2 Counts)
P.L. § 175.35          Offering a False Instrument for Filing in the First Degree (2 Counts)
P.L. § 195.00(1)      Official Misconduct

**In that the defendant while acting in concert with others:** stole property; being a public servant, and with intent to obtain a benefit or deprive another person of a benefit, committed an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act was unauthorized; knowingly and unlawfully sold a narcotic drug; knowingly and unlawfully possessed a narcotic drug with intent to sell it; knowingly and unlawfully possessed a controlled substance; with intent to defraud, made or caused a false entry in the business records of an enterprise, and his intent to defraud included an intent to commit another crime or to aid or conceal the commission thereof; knowing that a written instrument contained a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, offered or presented it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it would be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation.

**The source of deponent's information and the grounds for deponent's beliefs are as follows:**

Deponent states that deponent is a custodian of the personnel, vouchering and arrest records of the New York City Police Department (hereinafter referred to as "NYPD") made in the regular course of business by employees who have a duty to make accurate, contemporaneous entries, and that such records reveal that the defendant is employed as a police officer assigned to the Brooklyn South Narcotics Division (hereinafter referred to as "BSND"), and that defendant was working on November 15, 2007 and November 16, 2007.

1

Deponent is further informed by an undercover police officer known to the NYPD and to the Kings County District Attorney's Office (hereinafter referred to as "UC") that, at the first above time and place, informant observed Detective Armeek Hunter of BSND, Shield Number 252, remove from informant's person $250 in United States currency as well as forty (40) ziplock bags of crack cocaine, while the defendant was standing in the immediate vicinity of Detective Hunter.

Deponent is further informed by Lt. Kevin Paynter of IAB that informant inspected and pre-marked the above forty (40) ziplock bags of crack cocaine before it was given to UC, that informant has had professional training as a police officer in the identification of crack cocaine, has previously made arrests for the criminal possession of crack cocaine, has previously seized crack cocaine, which was determined to be such by a chemical analysis by the police department laboratory, and the substance in this case possesses the same physical characteristics as such previously chemically identified substance, by professional training and experience as a police officer, is familiar with the common methods of packaging crack cocaine and the ziplock bags used to package the substance in this case is a commonly used method of packaging such substance.

Based on the foregoing, in informant's opinion, the above substance in this case that was given to UC is crack cocaine.

Deponent is further informed by Lt. Kevin Paynter that informant inspected and photocopied the bills making up the above $250 United States currency before it was given to UC.

Deponent is further informed by a person known to the NYPD that informant was present for the above search and seizure of United States currency and crack cocaine from UC, and that following said seizure, informant observed the defendant remove $40 of the United States currency and two (2) ziplocks of the crack cocaine from the seized amount and hand said items to informant in exchange for information that informant had supplied to the defendant and Michael Arenella (arrest number K08605876) regarding the purported narcotics activities of UC that had led to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that, following the above transaction, informant inspected the above $40 United States currency and two (2) ziplocks of crack cocaine that defendant had given to a person known to the NYPD, and observed that those items had been among the United States currency and crack cocaine given to UC prior to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that the NYPD is the lawful custodian of the above $40 United States currency and that the defendant did not have permission or authority to give said United States currency to a person known to the NYPD for any purpose.

Deponent further states that, according to official NYPD regulations, police officers are required to return seized property to the NYPD and deposit all of said property inside a voucher envelope, which is then sealed for safekeeping with the NYPD Property Clerk or sent to the police laboratory for analysis and testing.

characteristics as such previously chemically identified substance, by professional training and experience as a police officer, is familiar with the common methods of packaging crack cocaine and the ziplock bags used to package the substance in this case is a commonly used method of packaging such substance.

Based on the foregoing, in informant's opinion, the above substance in this case that was given to UC is crack cocaine.

Deponent is further informed by Lt. Kevin Paynter that informant inspected and photocopied the bills making up the above $250 United States currency before it was given to UC.

Deponent is further informed by a person known to the NYPD that informant was present for the above search and seizure of United States currency and crack cocaine from UC, and that following said seizure, informant observed the defendant remove $40 of the United States currency and two (2) ziplocks of the crack cocaine from the seized amount and hand said items to informant in exchange for information that informant had supplied to the defendant and Michael Arenella (arrest number K08605876) regarding the purported narcotics activities of UC that had led to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that, following the above transaction, informant inspected the above $40 United States currency and two (2) ziplocks of crack cocaine that defendant had given to a person known to the NYPD, and observed that those items had been among the United States currency and crack cocaine given to UC prior to the above seizure.

Deponent is further informed by Lt. Kevin Paynter that the NYPD is the lawful custodian of the above $40 United States currency and that the defendant did not have permission or authority to give said United States currency to a person known to the NYPD for any purpose.

Deponent further states that, according to official NYPD regulations, police officers are required to return seized property to the NYPD and deposit all of said property inside a voucher envelope, which is then sealed for safekeeping with the NYPD Property Clerk or sent to the police laboratory for analysis and testing.

Deponent further states that, as part of the above voucher envelope procedure, the police officer is required to complete a "Property Clerk's Invoice" listing all property that has been sealed within the voucher envelope, which thereafter becomes part of the official records of the NYPD.

Deponent further states that the above NYPD records reveal that, at the second above time and place, the defendant submitted a voucher envelope and accompanying Property Clerk's Invoice form under Voucher Number N910356 relating to the above seizure of crack cocaine from UC, that said voucher envelope only included thirty-eight (38) ziplock bags of crack cocaine, and that the corresponding Property Clerk's Invoice

2

form listed the same amount as the only controlled substances taken from UC by defendant in the course of the above seizure.

Deponent further states that the above NYPD records reveal that, at the second above time and place, the defendant submitted a voucher envelope and accompanying Property Clerk's Invoice form under Voucher Number N910357 relating to the above seizure of United States currency from UC, that said voucher envelope only included $210 in United States currency, and that the corresponding Property Clerk's Invoice form listed the same amounts as the only currency taken from UC by defendant in the course of the above seizure.

False Statements made in this document are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

1/18/0V

Date                                    Signature